ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| **ALFREDO ROBLES SANTIAGO**<br><br>Recurrido<br><br>v.<br><br>**HUMBERTO DONATO INSURANCE, INC**<br><br>Peticionario | KLCE202500405 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **Bayamón**<br><br>Civil Núm.: **GB2024CV00088**<br><br>Sobre: Despido Injustificado, Procedimiento Sumario: Ley Núm. 2 de 17 de octubre de 1961, 32 LPRA Sec. 3118 *et seq.* |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

Boria Vizcarrondo, Jueza Ponente.

### RESOLUCIÓN

En San Juan, Puerto Rico, a 17 de junio de 2025.

Comparece ante nos Humberto Donato Insurance, Inc. (Humberto Donato o parte peticionaria) mediante una *Petición de Certiorari* en la que solicita que revoquemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, (TPI) el 2 de abril de 2025.[1] Por medio de dicho dictamen, el foro primario declaró No Ha Lugar la *Solicitud de Sentencia Sumaria* presentada por Humberto Donato el 21 de enero de 2025.[2]

Por su parte, y luego de una prórroga, el señor Alfredo Robles Santiago (Sr. Robles Santiago o recurrido) radicó una *Oposición a Petición de Certiorari* el 8 de mayo de 2025.

---

[1] Apéndice del recurso de *certiorari*, Anejo 5, págs. 957-969. Notificada y archivada en autos el 3 de abril de 2025.
[2] *Íd.*, Anejo 3, págs. 7-202.

El 23 de mayo de 2025, Humberto Donato también presentó una *Réplica a "Oposición a Petición de Certiorari"*.

Por lo fundamentos que pormenorizamos a continuación, y en el ejercicio de nuestra discreción, denegamos la expedición del recurso de *certiorari*.

## I.

El caso de marras tiene su génesis el 2 de febrero de 2024 cuando el Sr. Robles Santiago radicó una *Querella* en contra de Humberto Donato en concepto de despido injustificado y bajo el procedimiento sumario.[3] Sostuvo que trabajó en dicha empresa desde el 1998 hasta el 2024 como contralor, cuando fue despedido sin justa causa, y sin que lo hubiesen suspendido y/o amonestado. Por ende, reclamó el pago de la mesada y una cantidad razonable por honorarios de abogado.

El 8 de abril de 2024, Humberto Donato presentó una *Contestación a Querella* en la que admitió que el señor Robles Santiago fue despedido,[4] e indicó que "[s]i nunca fue suspendido debemos admitirlo".[5] Además, como parte de las defensas afirmativas, aludió a una serie de razones para justificar dicho despido.

Luego de múltiples trámites procesales, emitimos una *Resolución* el 17 de junio de 2024 en el KLCE202400589.[6] Por medio de esta, denegamos la expedición del recurso de *certiorari* radicado por el Sr. Robles Santiago en el que suplicó que revocáramos una *Orden* donde el TPI había declarado No Ha Lugar su solicitud de conceder la mesada y los honorarios de abogado.

---

[3] *Íd.*, Anejo 1, págs. 1-2; véase, además, *Ley Sobre Despidos Injustificados*, Ley Núm. 80 del 30 de mayo de 1976, según enmendada, 29 LPRA secs. 185a *et seq.*; *Ley de Procedimiento Sumario de Reclamaciones Laborales*, Ley Núm. 2 del 17 de octubre de 1961 (Ley Núm. 2-1961), según enmendada, 32 LPRA secs. 3118 *et seq.*

[4] Apéndice del recurso de *certiorari*, Anejo 2, págs. 3-6.

[5] *Íd.*, pág. 4.

[6] Véase, Entrada Núm. 69 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

De igual modo, el Tribunal Supremo de Puerto Rico denegó la petición de *certiorari* presentada por el Sr. Robles Santiago en el CC-2024-0405.[7]

Devuelto el caso al foro *a quo*, y después de varios procedimientos, Humberto Donato radicó una *Solicitud de Sentencia Sumaria*. Reiteró las defensas afirmativas de la contestación a querella, y alegó que constituyeron justa causa para el despido del Sr. Robles Santiago.

Por su parte, el Sr. Robles Santiago presentó una *Oposición a Moción de Sentencia Sumaria* el 21 de febrero de 2025.[8] Adujo que existían dos asuntos en controversia por los cuales no procedía conceder la solicitud de sentencia sumaria; siendo estos, (1) si el despido del Sr. Robles Santiago medió justa causa; y (2) si el Sr. Robles Santiago tenía derecho a la indemnización solicitada.

El 2 de abril de 2025, el foro primario denegó la petición de sentencia sumaria presentada por Humberto Donato. El TPI razonó que existía controversia sobre tres (3) hechos; siendo estos, (1) si el Sr. Robles Santiago había cometido algún acto de hostigamiento sexual; (2) si el Sr. Robles Santiago recibió disciplina progresiva; y (3) si el Sr. Robles Santiago fue despedido injustificadamente.

Inconforme, el 14 de abril de 2025, Humberto Donato presentó un recurso de *certiorari* ante nos y planteó los siguientes errores:

**PRIMER SEÑALAMIENTO DE ERROR: ERRÓ EL TPI EN LA APRECIACIÓN DE LA PRUEBA.**

**SEGUNDO SEÑALAMIENTO DE ERROR: ERRÓ EL TPI AL IDENTIFICAR COMO "HECHO EN CONTROVERSIA" LA CONTROVERSIA DE DERECHO QUE VIENE LLAMADO A RESOLVER.**

Por su parte, el Sr. Robles Santiago radicó una *Oposición a Petición de Certiorari* el 8 de mayo de 2025.

---

[7] *Íd.*, Entrada Núm. 70.
[8] Apéndice del recurso de *certiorari*, Anejo 4, págs. 203-956.

El 23 de mayo de 2025, Humberto Donato también presentó una *Réplica a "Oposición a Petición de Certiorari"*.

**II.**

**A.**

El auto de *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones interlocutorias realizadas por un foro inferior. La expedición del auto descansa en la sana discreción del Tribunal. *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); *800 Ponce de León, Corp. v. American International Insurance Company of Puerto Rico*, 205 DPR 163, 174-175 (2020). Con el fin de poder ejercer dicha facultad discrecional de forma prudente, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, instituye los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*; estos son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Ello impone al Tribunal de Apelaciones la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro

de instancia. Por tanto, de no estar presente ninguno de los criterios esbozados, procede que este foro superior se abstenga de expedir el auto solicitado. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008).

Asimismo, la discreción es el instrumento más poderoso reservado a los jueces y a las juezas. *Banco Metropolitano v. Berríos*, 110 DPR 721, 725 (1981). Es también aquella facultad que tiene un tribunal de justicia para resolver o de escoger entre varios cursos de acción. *Citibank v. ACBI*, 200 DPR 724, 735 (2018). En ese sentido, es " 'una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera' ". *Citibank v. ACBI*, *supra*, pág. 735 (*citando a Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016)). Por ende, el Tribunal de Apelaciones no interviene "con determinaciones emitidas por el foro primario y sustitu[ye] el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto". *Citibank v. ACBI*, *supra*, pág. 736 (Énfasis en el original eliminado); véase, además, *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012).

Adviértase que, el recurso de *certiorari*, no está disponible para revisar determinaciones interlocutorias del TPI, en aquellos casos presentados al amparo de la Ley Núm. 2-1961, *supra*, debido a la naturaleza sumaria de los procedimientos. *Dávila, Rivera v. Antilles Shipping, Inc.*, 147 DPR 483, 496-497 (1999); *Medina Nazario v. McNeil Healthcare LLC, supra*, págs. 732-733. Proceder de este modo atentaría contra el "mecanismo procesal, de naturaleza sumaria, para lograr la rápida consideración y adjudicación de las reclamaciones laborales instadas por empleados en contra de sus patronos". Ley Núm. 133-2014 (Exposición de Motivos). Sin embargo, esta norma no es absoluta, sino que nuestro máximo foro

exceptuó de dicha prohibición aquellas resoluciones (1) que el TPI haya dictado sin jurisdicción; y (2) cuando los fines de la justicia requieran la intervención del foro apelativo; es decir, "en aquellos casos extremos en que la revisión inmediata, en esa etapa, disponga del caso, o su pronta disposición, en forma definitiva o cuando dicha revisión inmediata tenga el efecto de evitar una 'grave injusticia' (*miscariage of justice*)". *Dávila, Rivera v. Antilles Shipping, Inc.*, *supra*, pág. 498; *Medina Nazario v. McNeil Healthcare LLC, supra*, pág. 733.

### III.

En el caso de marras, Humberto Donato suplicó que revocáramos la *Resolución* interlocutoria recurrida. Sin embargo, como dicho pleito fue incoado, al amparo de la Ley Núm. 2-1961, *supra*, debemos examinar si se cumple una de las instancias excepcionales pormenorizadas anteriormente para revisar la determinación recurrida por medio del recurso de *certiorari*.

Luego de un análisis objetivo y cuidadoso de los escritos apelativos, nos abstenemos de ejercer nuestra función revisora y de intervenir con la determinación interlocutoria del foro *a quo*. Humberto Donato falló en demostrar que el TPI dictó la *Resolución* recurrida sin jurisdicción. De igual modo, a pesar de que, por medio de la determinación interlocutoria, el foro primario denegó la solicitud de sentencia sumaria de dicha empresa, ciertamente existen controversias sobre los hechos materiales que requieren la celebración de un juicio en su fondo y que, por ende, impiden que se resuelva el caso sumariamente. En otras palabras, nuestra intervención tampoco dispondría del caso de forma definitiva ni evitaría una grave injusticia.

### IV.

Por las razones discutidas anteriormente, denegamos la expedición del recurso de *certiorari*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones